SHANK, Admr. v. HAMILTON FOUND. & MACH. CO.

Ohio Appeals, 1st Dist., Butler Co.

Decided Sept. 13, 1926.

841.  NEW TRIAL—1265. Weight of Evidence—Where the trial court has granted one new trial on the weight of evidence it is prohibited by 11577 GC. from granting a second new trial on that ground. The question of the weight of the evidence could not be submitted to the Court of Appeals after the second trial of the case.

225.  CHARGES OF COURT—Where a trial court quoted in a charge the language of the General Code the charge was not erroneous.

482.  EXCEPTIONS—Where error is prosecuted on the grounds of the court having reprimanded an attorney in the presence of the jury the objection and exception must be taken at the time of the alleged reprimand.

480.  EVIDENCE—In an action for damages for wrongful death from injury received while working on a machine, evidence to show what was done with the machine after the accident is not admissable.

First Publication of this Opinion

CUSHING, J.

This was an action for damages for the wrongful death of Albert Longsdon. Longsdon had been employed by the defendant company in and about a sand conveyor. He received an injury which was claimed to have been caused by failure of the defendant to protect the sand conveyor, and from this injury he died. In the first trial plaintiff recovered a verdict of $3500. The trial court set that verdict aside, on the ground that it was against the weight of the evidence. The jury at the second trial returned a verdict in favor of the defendant. This action is prosecuted to reverse the second judgment, on the

ground that the verdict is against the weight of he evidence, and is not supported by sufficient evidence; that there was error in the charge of the court, that the court erred in refusing to admit certain evidence, and that the court erred in reprimanding plaintiff's attorney in the presence of the jury.

The Court of Appeals affirmed the Common Pleas and held as follows:—

1. Where the trial court has granted one new trial on the weight of the evidence, it is prohibited by 11577 GC. from granting a second new trial on that ground. Cleveland Railway Co. v. Trendel, 101 OS. 316, Rolf v. Heil, 113 OS. 113, and as the jurisdiction of the Court of Appeals, by section 6 of Article IV of the Constitution, is limited to a review of judgments of courts of record, the trial court did not err in refusing to grant a second new trial on the ground of the weight of the evidence.

2. It was not error for the trial court in its charge to the jury to quote the language of paragraph 2 of section 1027 GC. concerning the enclosing of all cog-wheels, fly-wheels, etc. of machinery, and thus give the jury the proper rule by which it should determine whether or not the company was negligent.

3. The court did not err . in refusing to permit the plaintiff to show what was done with the sand conveyor after the accident. Under the statute, the question was whether it was protected at the time of the accident.

4. The alleged error on the ground that the court reprimanded the attorney in the presence of the jury is concluded by the finding of the court in the bill of exceptions, which finding is, that the attorney made no protest or objection to the remarks which the court addressed to him, during the argument of the case, and took no exceptions thereto.

Judgment affirmed.

(Buchwalter, PJ., and Hamilton, J., concur)

Attorneys:—Shank & Shank for Shank, W. C. Shepherd, for Hamilton Foundry & Machine Co.; all of Hamilton.